# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. **CV 18-2509-JFW(Ex)** | Date: April 10, 2018 |

Title: Demar Membreno -v- Goodyear Tire and Rubber Company, et al.

**PRESENT:**
### HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

      On January 10, 2018, Plaintiff Demar Membreno ("Plaintiff") filed a Complaint against Defendants The Goodyear Tire & Rubber Company ("Goodyear"), Just Tires PC ("Just Tires"), and Hector Contreras ("Contreras") (collectively, "Defendants") in Los Angeles Superior Court, alleging the following causes of action against all the Defendants: (1) disability discrimination in violation of Government Code § 12940(a); (2) failure to provide reasonable accommodation in violation of Government Code § 12940(m); (3) failure to engage in the interactive process in violation of Government Code § 12940(n); (4) retaliation in violation of Government Code § 12940(f); (5) violation of Government Code § 12940(i); (6) violation of Government Code § 12945.1 of the California Family Rights Act; (7) retaliation for requesting/taking California Family Rights Act Leave; (8) wrongful termination in violation of public policy; and (9) intentional infliction of emotional distress.

      On March 28, 2018, Goodyear filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). On April 2, 2018, the Court issued an Order Show Cause Why Action Should Not be Remanded for Lack of Subject Matter Jurisdiction. On April 5, 2018, Goodyear and Contreras filed their Response to the OSC.

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir.

1990). As the party invoking federal jurisdiction, Goodyear bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. Because Goodyear has not met its burden of demonstrating that the parties are completely diverse, this action must be remanded.

Although Plaintiff and Contreras are both citizens of California, Goodyear contends that Contreras has been fraudulently joined, and, thus, his presence in this action should be ignored. "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). "Fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent." *Health Pro Dental Corp. v. Travelers Prop. Cas. Co. of Am.*, 2017 WL 1033970, at *3 (C.D. Cal. Mar. 17, 2017). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the non-diverse defendant. *See Plute*, 141 F. Supp. 2d at 1008. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.* "[A] removing defendant alleging fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. Rather, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies." *Martinez v. Michaels*, 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015) (quotations and citations omitted).

The Court concludes that Goodyear has failed to meet its heavy burden of demonstrating fraudulent joinder. In his Complaint, Plaintiff alleges a claim for intentional infliction of emotional distress against Contreras. Although Goodyear argues that Plaintiff cannot possibly prevail on his claim against Contreras, the Court cannot conclude that Plaintiff has no possibility of prevailing on

his claim against Contreras, and Goodyear's argument is better raised in a demurrer or motion to dismiss rather than in a notice of removal.  See *Vincent v. First Republic Bank Inc.*, 2010 WL 1980223, at *4 (N.D. Cal. May 17, 2010) ("While plaintiff's allegations may fall short of proving outrageous conduct, this order cannot conclude that plaintiff has absolutely no possibility of stating a claim, if afforded an opportunity to amend."); *see also Barsell v. Urban Outfitters, Inc.*, 2009 WL 1916495, at *5 (C.D. Cal. Jul. 1, 2009) (quotations and citations omitted) ("There is no authority for the proposition that [a manager] may not be liable in tort for the intentional infliction of emotional distress providing all of the elements of that tort are satisfied.  Indeed, California case law is replete with cases where conduct of the employer or one of its agents or employees is so outside the bounds of conduct tolerated by a decent society that it may give rise to a claim for intentional infliction of emotional distress.").

For all the foregoing reasons, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.